UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICIA BINION WILLIAMS, </br></br>              Plaintiff, </br></br>   v. </br></br>UNIVERSITY OF THE DISTRICT OF COLUMBIA, </br></br>              Defendant. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 22-3654 (RBW) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**ORDER**

On August 9, 2023, the Court issued an Order requiring the plaintiff to "show cause in writing on or before August 30, 2023, why the Court should grant her an extension to perfect service of process on the above-named defendant." Order at 2 (Aug. 9, 2023), ECF No. 6. The Court also warned the plaintiff that if she "d[id] not respond in a timely manner to th[e] order, the Court may dismiss her Complaint for failure to prosecute this case." Id. (citing Fed. R. Civ. P. 4(m)). Because the plaintiff failed to respond, the Court issued a second Order on August 9, 2024, "exercis[ing] its discretion and provid[ing] the plaintiff a final opportunity to show cause in writing as to why the Court should grant her an extension to perfect service on the above-named defendant." Order at 1 (Aug. 9, 2024), ECF No. 7; see Johnson-Richardson v. Univ. of Phoenix, 334 F.R.D. 349, 357 (D.D.C. 2020) ("Courts often decline to dismiss a pro se plaintiff's case for defective service without first affording the plaintiff the opportunity to correct any errors he or she may have made."). To date, the plaintiff has neither responded to the Court's Order nor presented proof that she perfected service on the defendant.

Federal Rule of Civil Procedure 4(m) "requires dismissal of a suit where the plaintiff has not timely served the defendant within [ninety] days of filing suit or within the time specified by the court." Garlington v. D.C. Water & Sewer Auth., 62 F. Supp. 3d 23, 27 (D.D.C. 2014); see Fed. R. Civ. P. 4(m) (authorizing the Court, "on its own after notice to the plaintiff[, to] dismiss the action without prejudice against" a defendant that has not been timely served pursuant to this rule). Moreover, the Court has "inherent power to dismiss a case sua sponte for a plaintiff's failure to prosecute[.]" Peterson v. Archstone Cmtys. LLC, 637 F.3d 416, 418 (D.C. Cir. 2011); see also Local Civ. R. 83.23 ("A dismissal for failure to prosecute may be ordered by the Court . . . upon the Court's own motion."). "A dismissal for failure to prosecute due to a delay in service is appropriate . . . only when there is no reasonable probability that service can be obtained or there is a lengthy period of inactivity." Angellino v. Royal Family Al-Saud, 688 F.3d 771, 775 (D.C. Cir. 2012) (alteration in original) (internal quotation marks omitted). "A lengthy period of inactivity may [ ] be enough to justify dismissal[,]" Smith-Bey v. Cripe, 852 F.2d 592, 594 (D.C. Cir. 1988), especially after "the plaintiff has been previously warned that he [or she] must act with more diligence, or if he [or she] has failed to obey the rules or court orders," id. (internal quotation marks omitted).

Here, the plaintiff filed her pro se Complaint on December 7, 2022. See Complaint ("Compl.") at 1, ECF No. 1. Nearly two years have passed since that filing and over a year has passed since the plaintiff last filed any submissions on the docket. Additionally, despite the Court's August 9, 2023 and August 9, 2024 Orders, the plaintiff has failed to show that she served the defendant in compliance with Federal Rule of Civil Procedure 4 or identify "good cause[,]" Fed. R. Civ. P. 4(m), for her failure to effect service. Therefore, the Court will dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and Local Civil

Rule 83.23.  See Abbas v. Bundesrepublik Deutschland, No. 15-cv-332 (RJL), 2020 WL 4464529, at *2 (D.D.C. Aug. 4, 2020) (stating that "courts in [the District of Columbia] Circuit have regularly dismissed cases for failure to prosecute where [the] plaintiff failed to comply with Rule 4(m)"); Thompson v. United States, No. 23-cv-2404 (TSC), 2023 WL 7279253, at *1–2 (D.D.C. Nov. 3, 2023) (dismissing case without prejudice for failure to prosecute where the plaintiff failed to effectuate service of process and failed to respond to show cause orders).

    Accordingly, it is hereby

    **ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.  It is further

    **ORDERED** that this case is **CLOSED**.  It is further

    **ORDERED** that the Clerk of the Court shall forthwith mail a copy of this Order to the plaintiff's address on record.

    **SO ORDERED** this 3rd day of December, 2024.

                                                    REGGIE B. WALTON
                                                  United States District Judge